

# Notice of Service of Process

RXT / ALL
Transmittal Number: 23740021
Date Processed: 09/08/2021

| | |
|---|---|
| Primary Contact: | Jen Majic<br>UNUM<br>2211 Congress Street<br>Portland, ME 04122-0002 |
| Electronic copy provided to: | Janna Thomas<br>Judy Drake |

| | |
|---|---|
| Entity: | UNUM Life Insurance Company Of America<br>Entity ID Number  2979591 |
| Entity Served: | Unum Life Insurance Co., Of America |
| Title of Action: | Glenn Tolles vs. Unum Life Insurance Co., Of America |
| Document(s) Type: | Summons |
| Nature of Action: | Others |
| Court/Agency: | Douglas County District Court, NE |
| Case/Reference No: | CI 21 8628 |
| Jurisdiction Served: | Maine |
| Date Served on CSC: | 09/07/2021 |
| Answer or Appearance Due: | 10 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Cory R Wilson<br>(402) 397-2200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| Image ID: D00751496D01 | **SUMMONS** | Doc. No. 751496 |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha            NE 68183

Glenn Tolles v. Unum Life Insurance Co., of America

Case ID: CI 21    8628

TO:   Unum Life Insurance Company of Amer

You have been sued by the following plaintiff(s):

　　　Glenn Tolles

Plaintiff's Attorney:    Cory R Wilson
Address:                 10330 Regency Parkway Dr., #100
                         Omaha, NE 68114-3761

Telephone:               (402) 397-2200

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:  AUGUST 31, 2021        BY THE COURT:   *John M. Friend*
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

　　　Unum Life Insurance Company of Amer
　　　c/o Severin M. Beliveau - RA
　　　45 Memorial Circle
　　　Augusta, ME 04330

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

LAW OFFICES
**ERICKSON | SEDERSTROM, P.C.**
A LIMITED LIABILITY ORGANIZATION
REGENCY WESTPOINTE
10330 REGENCY PARKWAY DRIVE, SUITE 100
OMAHA, NEBRASKA 68114-3761

NEOPOST      FIRST-CLASS MAIL
09/02/2021
US POSTAGE $007.33⁰

ZIP 68114
041M11457135

9414 7266 9904 2126 2460 53

Unum Life Insurance Co., of Amer
c/o Severin M. Beliveau - RA
45 Memorial Circle
Augusta, ME 04330

04330-644101

EXHIBIT 1
Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI210008628
Transaction ID: 0014164826
Filing Date: 08/31/2021 09:36:21 AM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| GLENN TOLLES, | ) | CASE NO: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| UNUM LIFE INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant | | |

Plaintiff, Glenn Tolles, by and through his undersigned attorney, brings this action against the Defendant, Unum Life Insurance Company of America, and as his cause of action states as follows:

1.  Unum Life Insurance Company of America ("Unum") claims the following on their website:

> We help millions of people gain affordable access to disability, life, accident, critical illness, dental and vision benefits through the workplace — **benefits that help them protect their families**, their finances and their futures.
>
> **Workers and their families know we'll be there when they need us most.** And employers of every size depend on us for comprehensive benefits solutions that attract and support those who keep their business growing.
>
> **Our customers know they can count on Unum when the unexpected occurs**.

Unum, About Page (June 25, 2021), http://unum.com/about (emphasis added).

2.  Carl Tolles Jr. carried an accidental death insurance policy with Unum to help **protect his family** in the event of his accidental death**.** Carl Tolles Jr. thought he could **count on Unum when the unexpected occurred.** On July 23, 2020, an automobile struck Carl Tolles Jr. while he was

1

lawfully crossing the street at an unmarked crosswalk and subsequently died. Now, Unum unlawfully refuses to pay the beneficiary of Carl Tolles Jr.'s accidental death policy.

3. Carl Tolles Jr. was at all relevant times a resident of Douglas County, Nebraska.

4. Carl Tolles Jr. named his brother, Glenn Tolles, as beneficiary of his Unum accidental death policy under policy number 472955.

5. UNUM Group is a Delaware Corporation authorized to conduct business in the State of Nebraska.

6. Jurisdiction and venue in this Court are proper as Glenn Tolles' cause of action against Unum arose in and out of a contract entered into in Douglas County, Nebraska.

7. All administrative efforts to resolve this dispute have been exhausted and this matter is ripe for this Court's review.

8. On the evening of Monday, July 20, 2020, Mr. Tolles visited his favorite bar and grill, Pop's Place Bar, where he would regularly eat dinner and visit other regular patrons.

9. On July 20, 2020, Ms. Tara McCarty, a bartender at Pop's Place served Mr. Tolles during his visit.

10. Ms. McCarty served Mr. Tolles two large tacos, a shot of Rumple Minze liqueur, and a pint of Budweiser beer on the evening of July 20, 2020.

11. Mr. Tolles finished his shot of Rumple Minze but he only drank half of the beer Ms. McCarty served him before he left Pop's Place at approximately 10:00 p.m.

12. Mr. Tolles did not appear to be drunk, inebriated, suffering from a loss of self-control, or experiencing poor motor control, poor coordination, or loss of balance when leaving Pop's Place on the above-referenced date and time.

13. After leaving Pop's Place, Mr. Tolles walked eastbound on the sidewalk parallel to F Street towards the intersection of F and South 28th Streets.

14. At approximately 10:36 p.m., a 2003 Buick LeSabre struck Mr. Tolles, while he was lawfully crossing F Street in an unmarked crosswalk which was illuminated by a streetlamp.

15. Mr. Tolles was rushed to the emergency room where he reportedly had a blood alcohol concentration ("BAC") of 309 mg/dl, or 0.235%.

16. Mr. Tolles passed away a few days after the accident due to "blunt force injuries of [the] head, trunk, and extremities."

17. At the time of his death, Mr. Tolles carried an Unum an accidental death insurance policy under policy number 472955 (the "Policy").

18. Mr. Tolles' brother, Glenn Tolles was named as the beneficiary of the Policy.

19. Subsequent to his brother's death, Glenn Tolles submitted a claim for the accidental death of Mr. Tolles to Unum under claim number 18323378 (the "Claim").

20. Unum denied the Claim in a letter dated February 18, 2021.

21. According the denial letter, Unum determined that Mr. Tolles' death was not an accident because it was "contributed to by alcohol intoxication," and therefore excluded from coverage under the Policy.

22. On May 17, 2021, Glenn Tolles appealed Unum's decision denying the Claim based on the grounds that Unum's denial was not supported by substantial evidence; however, the claim was affirmed on appeal.

## FIRST CAUSE OF ACTION

### (For Recovery of Plan Benefits, Pursuant to 29 U.S.C. § 1132(a)(1)(b))

23. Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Mr. Carl Tolles held the Policy with Unum to which Glenn Tolles was a beneficiary.

25. In accordance with the terms of the Policy, which Mr. Tolles gave adequate consideration, and Unum had a duty to provide coverage for the accidental of Mr. Tolles.

26. Unum has arbitrarily and capriciously breached the obligations owed to Glenn Tolles as set forth in the Policy by denying coverage for the accidental death of Mr. Carl Tolles without any substantial evidence to suggest that coverage for the accidental death of Mr. Carl Tolles was excluded under the Policy.

27. Unum has arbitrarily and capriciously breached its obligations under the Employees Retirement Income Securities Act, 29 U.S.C. § 1132 *et seq*. ("ERISA") by denying Glenn Tolles, an entitled beneficiary, benefits even though this loss was covered under the terms of the Policy.

28. Unum materially breached its agreement with Glenn Tolles, as a beneficiary under the Policy, by failing, neglecting, and refusing to pay Glenn Tolles the amount owed under the Policy.

29. As a direct and proximate result of the aforesaid conduct of Unum in failing to provide benefits under the Policy, Glenn Tolles has suffered, and will continue to suffer in the future, damages under the Policy, plus interest and other economic and consequential damages, for a total amount to be determined at the time of trial.

30. Glenn Tolles is entitled to prejudgment interest at the appropriate rate.

## SECOND CAUSE OF ACTION

### (For an Award of Attorney's Fees and Costs, Pursuant to 29 U.S.C. § 1132(g)(1))

31. Glenn Tolles incorporates by reference paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. 29 U.S.C. § 1132(g)(1) authorizes this Court to award reasonable attorney's fees and costs of action to a plaintiff in an ERISA action.

33. As a result of the actions and failings of Unum, Glenn Tolles has retained the services of legal counsel and has necessarily incurred attorney's fees and costs in prosecuting this action. Further, Glenn Tolles anticipates incurring additional attorney's fees and costs in hereafter pursuing this action, all in a final amount that is currently unknown. Glenn Tolles therefore requests an award of reasonable attorney's fees and costs.

WHEREFORE, Glenn Tolles respectfully requests this Court enter judgment in favor of Glenn Tolles and against Unum in an amount to be proven at trial, plus pre- and post-judgment interest thereon as allowed under Nebraska law, as well as for the costs of this action, attorney's fees, and for such further and additional relief to which Glenn Tolles is entitled under the laws of the State of Nebraska.

Dated August 31, 2021

GLENN TOLLES, Plaintiff,

By: /s/ *Cory R. Wilson*
Cory R. Wilson, #26640
ERICKSON & SEDERSTROM, P.C.
10330 Regency Parkway Drive
Omaha, Nebraska 68114
(402) 397-2200
wilson@eslaw.com
Attorney for Plaintiff